Elizabeth J. Arleo (Bar No. 201730)
ARLEO LAW FIRM, PLC
1672 Main St., Suite E, PMB 133
Ramona, California 92065
Tel: (760) 789-8000
Fax: (760) 789-8081
Email: elizabeth@arleolaw.com

Attorney for Plaintiff Damian M. Miranda

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIAN M. MIRANDA, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P.<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>2. **VIOLATION OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

COMPLAINT FOR DAMAGES

Plaintiff, DAMIAN M. MIRANDA ("Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the Plaintiff or his attorney (which are alleged on personal knowledge), hereby makes the following allegations:

## GENERAL ALLEGATIONS

1. This action arises from Defendant's attempt to collect an alleged consumer debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788-1788.32 ("CA FDCPA").

2. Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempt to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to LVNV Funding, LLC by Plaintiff which caused Plaintiff actual and statutory damages.

## The Federal and California Fair Debt Collection Practices Acts

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

4. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights

1 and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

5. In the Ninth Circuit, the impact of the language used by debt collectors is judged from the perspective of the least sophisticated debtor in our society. *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

## The Gramm Leach Bliley Act

6. The Gramm-Leach-Bliley Act, Pub.L. 106-102, 113 Stat. 1338 (1999) ("GLBA"), is a federal statute that, among other things, requires financial institutions to send a privacy notice whenever a new consumer relationship is established. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 794 (C.A.7 (Ill.) 2009).

7. The GLBA requires a financial institution to give its customers notice and an opportunity to opt out of disclosure before releasing any customer's "nonpublic personal information to a non-affiliated third-party." 15 U.S.C. §6802.

8. Under the GLBA, the term "financial institution" means any institution the business of which is engaging in financial activities as described in section 4(k) of the Bank Holding Company Act of 1956 (12 U.S.C. 1843(k)). An institution that is significantly engaged in financial activities is a financial institution. 16 CFR § 313.3.

9. Under the GLBA, the term "affiliate" means any company that controls, is controlled by, or is under common control with another company. 16 CFR § 313.3

## The California Financial Information Privacy Act

10. The California Financial Information Privacy Act, codified as Cal. Financial Code §4050 *et seq*., prohibits financial institutions from sharing or selling personally identifiable non-public information without obtaining a consumer's consent via an "opt-in" process. It provides for a plain-language notice of the privacy rights it confers. Consumers must be given the opportunity to "opt out" of sharing with a financial institution's affiliates.

1  11. Section 4051(a) of Cal. Financial Code states: "[t]he Legislature intends for financial institutions to provide their consumers notice and meaningful choice about how consumers' nonpublic personal information is shared or sold by their financial institutions."

12. Section 4051.5(a) of Cal. Financial Code states: The Legislature finds and declares all of the following: (1) The California Constitution protects the privacy of California citizens from unwarranted intrusions into their private and personal lives; (2) Federal banking legislation, known as the Gramm-Leach-Bliley Act, which breaks down restrictions on affiliation among different types of financial institutions, increases the likelihood that the personal financial information of California residents will be widely shared among, between, and within companies; (3) The policies intended to protect financial privacy imposed by the Gramm-Leach-Bliley Act are inadequate to meet the privacy concerns of California residents; (4) Because of the limitations of these federal policies, the Gramm-Leach-Bliley Act explicitly permits states to enact privacy protections that are *stronger than those provided in federal law*.

13. Section 4051.5(b), subdivisions (1)-(3) of Cal. Financial Code states: [i]t is the intent of the Legislature in enacting this division: (1) To ensure that Californians have the ability to control the disclosure of what the Gramm-Leach-Bliley Act calls nonpublic personal information; (2) To achieve that control for California consumers by requiring that financial institutions that want to share information with third parties and unrelated companies seek and acquire the affirmative consent of California consumers prior to sharing the information. (3) To further achieve that control for California consumers by providing consumers with the ability to prevent the sharing of financial information among affiliated companies through a *simple opt-out mechanism via a clear and understandable notice provided to the consumer*.

## **PARTIES**

14. Plaintiff is a natural person residing in Bakersfield, in the Kern County, and the State of California.

15. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the CA FDCPA.

16. Defendant RESURGENT CAPITAL SERVICES, L.P. ("Defendant"), is a licensed collection agency operating from the City of Greenville, County of Greenville, State of South Carolina.

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

18. Defendant is a person, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection, and is, therefore a "debt collector" as that term is defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

19. Defendant is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers including LVNV Funding, LLC.

20. Defendant is one of 19 related company affiliates of the "Sherman Companies."

21. The Sherman Companies and/or some or all of its 19 affiliated companies are financial institutions as that term is defined by the Gramm-Leach-Bliley Act ("GLBA"), Pub. L. 106-102, 113 Stat. 1338 (1999).

22. The Sherman Companies and/or some or all of its 19 affiliated companies are "financial institutions" as that term is defined by the California Financial Information Privacy Act.

23. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

24. All acts of corporate employees as alleged herein were authorized or ratified by an

officer, director or managing agent of RESURGENT CAPITAL SERVICES, L.P

**JURISDICTION AND VENUE**

25. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

26 Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

27. Personal jurisdiction is established because Defendant does business in this district and throughout the State of California.

**FACTUAL ALLEGATIONS CONCERNING DEFENDANT'S LETTER**

28. Plaintiff incurred a personal debt arising from a credit card with Sears through Citibank.

29. Some time prior to June 1, 2010, Plaintiff defaulted on the debt.

30. Some time prior to July 1, 2010, the debt was assigned, or otherwise obtained by Defendant for collection.

31. On July 1, 2010, Defendant sent a dunning letter to Plaintiff that was received by Plaintiff some time thereafter.

32. Defendant's letter seeks to collect a debt allegedly owed to LVNV Funding, LLC. A true and correct copy of Defendant's July 1, 2010 letter is attached hereto as Exhibits 1-3.

33. Defendant's July 1, 2010 letter is a "communication" as that term is defined by 15 U.S.C. §1692a(2) because it conveyed information regarding the alleged debt directly to Plaintiff through a written letter sent via the U.S. Mail.

34. The alleged debt that Defendant attempted to collect from Plaintiff was a "debt" as that term is defined by the FDCPA, 15 U.S.C. §1692a(5).

35. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this

COMPLAINT FOR DAMAGES

action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

36. Defendant's July 1, 2010 debt collection letter is comprised of three pages all enclosed in the same envelop.

37. The first page of the letter includes a statement that states "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." *See* Exhibit 1.

38. The second page of Defendant's letter contains a heading stating: "Validation of Debt, July 1, 2010, Damian M Miranda." *See* Exhibit 2. The upper, right corner of that page states "2 of 3 PAGES." *Id.*

39. The third page of Defendant's letter contains a heading "PRIVACY NOTICE." *See* Exhibit 3.

40. The upper, right corner of that page states: "3 of 3 PAGES." *See* Exhibit 3.

41. The third page of Defendant's letter indicates that Defendant and LVNV Funding, LLC are two of 19 "related companies" comprising the "Sherman Companies." *See* Exhibit 3.

42. The third page of Defendant's letter indicates that the Sherman Companies, (comprised of 19 affiliated companies including Defendant), collects personal information about a debtor including but not limited to, a debtors "social security number." *See* Exhibit 3.

43. The third page of Defendant's letter (Exhibit 3). states in part:

> **Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts."

44. The third page of Defendant's letter (Exhibit 3), further states, in part:

> **Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicably privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

45. The third page of Defendant's letter (Exhibit 3), further states, in part:

-7-
COMPLAINT FOR DAMAGES

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.** This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

46. Defendant's letter (Exhibits 1-3) does not include any notice informing a consumer that he or she may "opt-out" of the Sherman Companies' privacy practices.

47. Defendant's letter (Exhibits 1-3) does not provide any opt-out mechanism.

**FDCPA AND CA FDCPA VIOLATIONS RESULTING FROM DEFENDANT'S NOTICE**

48. The FDCPA provides:

**§1692e.  False or misleading representations [Section 807 of P.L.]**

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .*

*(5) The treat to take any action that cannot legally be taken or that is not intended to be taken . . .*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .*

49. In violation of 15 U.S.C. §1692e, subdivisions e(5) and e(10), the hypothetical least sophisticated debtor would be deceived and/or mislead by Defendant's letter (Exhibits 1-3).

50. Upon receiving Defendant's letter, the least sophisticated debtor would believe that the Sherman Companies and/or any one or all of its 19 affiliated companies, listed at the top of page three of Defendant's letter (Exhibit 3), intended to share *with each other*, nonpublic personal information collected by the Sherman Companies, including but not limited to the least sophisticated debtor's social security number.

51. Upon receiving Defendant's letter, the least sophisticated debtor would believe that the Sherman Companies and/or any one or all of its 19 affiliated companies, listed at the top of page three of Defendant's letter, intended to share with *unaffiliated third parties*, nonpublic personal information collected by the Sherman Companies, including but not limited to the least

1   sophisticated debtor's social security number.

2       52.     The inclusion of erroneous statements in a debt collection letter that information
3   about the debtor can or will be shared among the Sherman Companies affiliates and/or disclosed
4   to unaffiliated third parties when California law prohibits such disclosure amounts to an implicit
5   threat that nonpublic information about Plaintiff will shared if the debt is not paid.

6       53.     Defendant's July 1, 2010 letter (Exhibits 1-3) constitutes both an illegal threat to
7   disclose Plaintiff's nonpublic information and a false representation of Defendant's legal rights,
8   as it fails to inform the least sophisticated debtor in California that he or she could opt out of the
9   Sherman Companies information sharing practices as provided by the California Financial
10  Privacy Act and/or the Gramm Leach Bliley Act.

11      54.     Upon receiving Defendant's letter, the least sophisticated debtor would believe
12  that he or she could not opt-out of the Sherman Companies information sharing practices as
13  provided by California Financial Privacy Act and/or the Gramm Leach Bliley Act.

14      55.     Upon receiving Defendant's July 1, 2010 letter, the least sophisticated debtor
15  would be confused because the language contains conflicting information about the disclosure of
16  nonpersonal information collected by the Sherman Companies. Page 3 of the letter indicates that
17  the 19 Sherman Company affiliates, including Defendant, would and could disclose the collected
18  information:

19      (i)    to "individuals who need to know such collected information in order to
20             perform services in connection with [the least sophisticated debtor's]
21             account";
22      (ii)   among "each other and with their affiliated financial services companies in
23             connection with administering and collecting accounts";
24      (iii)  to third parties "except as permitted by applicable privacy law" and
25      (iv)   to anyone only in accordance with the Fair Debt Collection Practices Act.

26      56.     Defendant's statement that "collected information that is received or used for
27  purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated

-9-

COMPLAINT FOR DAMAGES

only in accordance with that Act" is to imply to the least sophisticated debt that the FDCPA actually permits the Sherman Companies and/or each of the 19 affiliated companies to disclose Plaintiff's personal nonpublic information it collects to third parties other than the limited circumstances and extend permitted by 15 U.S.C. §1692c(b).  The FDCPA, 15 U.S.C. §1692c, does not permit disclosure of Plaintiff's nonpublic information without Plaintiff's consent.  The "PRIVACY NOTICE" contained in Defendant's letter implies to the contrary makes the statement more misleading.

57.     The least sophisticated debtor does not know whether disclosure of private information is prohibited by the FDCPA or by other applicable laws.  Upon receiving Defendant's July 1, 2010 letter, the least sophisticated debtor would conclude that Defendant was claiming that the Sherman Companies, including Defendant and LVNV Funding, LLC, had a legal right to disclose Plaintiff's personal nonpublic information among its affiliated companies and a broad range of third parties and that Defendant was threatening to do so unless Plaintiff paid the debt.

58.     Defendant's July 1, 2010 letter states that the Sherman Companies, including Defendant, collected nonpublic personal information about Plaintiff regardless of whether he was a current or former customer.  This statement is false, deceptive and misleading to the least sophisticated debtor because at no time was Plaintiff a "customer" of Defendant.  No continuing relationship has ever been established between Plaintiff and Defendant.  Defendant has not provided financial services to Plaintiff.  This statement is a false representation of the true nature of the business or services being rendered by Defendant who is acting as a debt collector seeking to collect a debt alleged owed to LVNV Funding, LLC.

59.     The least sophisticated debtor would be misled by the language contained on page 3 of Defendant's letter that "[t]his Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law" is false, deceptive and misleading because the purported "Privacy Notice" fails to comply with any "federal privacy law."

60.     Defendant's threat that the 19 related Sherman Companies will share collected,

non-personal information about its customers, is false, deceptive and misleading in violation of 15 U.S.C. §§1692e, 1692e(5) and 1692e(10).

61. Defendants' letter violates the FDCPA and CA FDCPA by:

(a) threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of the FDCPA, 15 U.S.C. §1692e(5), and the CA FDCPA, Cal. Civil Code §1788.17 (incorporating 15 U.S.C. §1692e(5) of the FDCPA);

(b) using any false representation or deceptive means to collect a debt or obtain information about a consumer in violation of the FDCPA, 15 U.S.C. §1692e(10), and the CA FDCPA, Cal. Civil Code §§1788.17 (incorporating 15 U.S.C. §1692e(10) of the FDCPA);

(c) by sending a "Privacy Notice" on behalf of all 19 Sherman Companies which constitutes a communication to Plaintiff other than in the name either of the debt collector or the person on whose behalf the debt collector is acting in violation of Cal. Civil Code §1788.13(a); and

(d) by indicating that Plaintiff is or was a "customer" of Defendant which is a false representation of the true nature of the business or services being rendered by the debt collector in violation of Cal. Civil Code §1788.13(i).

### *CAUSES OF ACTION CLAIMED AGAINST DEFENDANT*

### **FIRST CAUSE OF ACTION**
**(Violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.* against Defendant)**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Plaintiff allegedly incurred a financial obligation for primarily personal, family or household purposes that is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

64. Plaintiff is informed and believes that Defendant violated the following provisions of the FDCPA, including but not limited to:

(a) 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken as described above; and

(b) 15 U.S.C. §1692e(10) by using any false, deceptive, or misleading representation or means in connection with the debt as described above.

65. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act California Civil Code § 1788, *et seq.* (CA FDCPA) against Defendant)

66. Plaintiff incorporates by reference the preceding paragraphs, as though set forth in full herein and further alleges as follows.

67. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

68. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendant violated California Civil Code §1788.13(a) by sending a "Privacy Notice" on behalf of all 19 Sherman Companies which constitutes a communication with Plaintiff other than in the name either of the debt collector or the person on whose behalf the debt collector is acting;

(b) Defendant violated California Civil Code §1788.13(i) by indicating that Plaintiff is or was a "customer" of Defendant which is a the false representation of the true nature of the business or services being rendered by the debt collector; ***and***

(d) Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

69. As a result of Defendant's violations of the CA FDCPA, Plaintiff is entitled to

actual damages pursuant to California Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to California Civil Code section 1788.30(b), and reasonable attorneys' fees and costs pursuant to California Civil Code section 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered as follows:

### Fair Debt Collection Practices Act

a) An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

b) An award of statutory damages of $1,000 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A);

c) An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant in an amount to be determined at trial;

d) For any other relief that the court deems just and proper.

### California's Rosenthal Fair Debt Collection Practices Act

e) For an award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant in an amount to be determined at trial;

f) For an award of statutory damages statutory damages of $1,000 per violation pursuant to California Civil Code § 1788.30(b);

g) For an award of costs of litigation and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c):

h) For any other relief that the court deems just and proper.

Dated: June 29, 2011

ARLEO LAW FIRM, PLC
1672 Main St., Suite E, PMB 133
Ramona, CA 92065
Tel: (760) 789-8000
Fax: (760) 789-8081

_____
Elizabeth J. Arleo
Attorney for Plaintiff Damian M. Miranda

Exhibit 1

**RESURGENT**
*Capital Services*

15 S. MAIN ST SUITE 600
GREENVILLE, SC 29601
http://www.resurgent.com/

Toll Free Phone: 1-888-665-0374
Toll Free Fax: 1-866-467-0163

*Hours of Operation*
8AM-7PM EST Monday - Thursday
8AM-5PM EST Friday

347559708

Previous Creditor: Citibank
Current Creditor: LVNV Funding LLC
Account Number:
Balance: $790.12

July 1, 2010

VLVDCDR-CS-1          *B-01-UIN-AM-01148-9

****************************SNGLP
DAMIAN M MIRANDA

Dear Damian M Miranda:

Thank you for your recent inquiry regarding this account.

We have taken the necessary actions to ensure you will receive no further communications from Resurgent Capital Services L.P. If you have any further questions, please contact one of our Customer Service Representatives toll-free at 1-888-665-0374.

Enclosed please find an original validation of debt that verifies this debt.

Si usted no entiende el contenido de esta carta o tiene mas preguntas, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

---

This communication is sent to you by Resurgent Capital Services L.P., a professional debt collector.

**INFORMATION REGARDING YOUR LEGAL RIGHTS**

Unless you notify us within 30 days after receipt of this notice that you dispute the validity of this debt, or any part of the debt, we will assume that the debt is valid. If you notify us in writing within 30 days after receipt of this notice that you dispute the validity of this debt, or any part of the debt, we will obtain verification of the debt or a copy of a judgment against you, if there is one, and mail such verification or judgment to you. If you make a written request within 30 days after receipt of this notice for the name and address of the original creditor, we will provide the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

As required by law, you are hereby notified that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill your credit obligation.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The following is a Spanish translation of the information previously provided.

"Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al numero 1-888-665-0374."

"Como es requerido por la ley usted esta siendo notificado por este medio que un reporte de crédito negativo afectando su reporte de crédito puede ser remitido a una agencia de reporte de créditos, si usted no puede satisfacer los términos de su obligación."

"El acto estatal de Rosenthal Fair Debt Collection Practices, y el acto federal de Fair Debt Collection Practices requieren que, a menos de circunstancias inusuales, los cobradores no podrán contactarlo antes de las 8 a.m. o después de las 9 p.m. Ellos no lo podrán acosar usando amenazas violentas o arrestarlo o usar un lenguaje ofensivo. Los cobradores no podrán usar declaraciones falsas o engañosas o llamarlo a su trabajo si ellos saben o tienen razón para saber que usted no puede recibir llamadas personales en su trabajo. En general, cobradores no le podrán decir a otra persona, aparte de su abogado o su esposa, acerca de su deuda. Los cobradores se podrán comunicar con otras personas para poder comunicarse con usted, y para entablar un juicio. Para más información sobre las actividades de colección de deuda, usted puede contactar Federal Trade Commission al 1-877-FTC-HELP o www.ftc.gov"

Exhibit 2

## Validation of Debt
## July 1, 2010
## Damian M Miranda

As of the date of this communication, you owe $790.12 on Account number ▮▮▮▮▮▮▮▮▮▮▮▮ which is now owned by LVNV Funding LLC. Should you desire to pay off the account in full, you should contact us at 1-888-665-0374 to determine the payoff balance as interest, payments, credits, fees, and/or other permissible charges can continue to cause your account balance to vary from day to day.

Exhibit 3

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Granite Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | Limestone Asset Management LLC | Sherman Acquisition II Limited Partnership |
| Ascent Card Services, LLC | LVNV Funding, LLC | Sherman Acquisition L.L.C. |
| Ashley Funding Services LLC | PYOD LLC | Sherman Acquisition Limited Partnership |
| Credit One Bank, N.A. | Resurgent Capital Services L.P. | Sherman Acquisition TA LP |
| Credit One Financial Solutions LLC | Resurgent Capital Services PR LLC | Tradd Street LLC |
| Fieldstone Asset Management LLC | | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

### Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

093009